MEMORANDUM *
Ricky Belfast Nababan, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals’s (BIA) order dismissing his appeal from an immigration judge’s (IJ) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We review legal conclusions de novo and factual findings for substantial evidence. Ochoa v. Gonzales, 406 F.3d 1166, 1169 (9th Cir.2005). We deny the petition for review.
The BIA did not apply the wrong legal standard or fail to properly address Nababan’s asylum claim. The BIA acknowledged the IJ’s conclusion that Nababan failed to demonstrate a well-founded fear of future persecution. After supplying its own analysis as to Nababan’s grounds for asylum (i.e., race, religion, and social group), the BIA concluded there was “no reason to disturb” the IJ’s denial of Nababan’s application for asylum. Therefore, the BIA’s opinion reflects that the BIA properly considered the issues raised by Nababan’s asylum claim. See Lopez v. Ashcroft, 366 F.3d 799, 807 n. 6 (9th Cir.2004) (“[T]he [BIA] does not have to write an exegesis on every contention.” (internal quotation marks omitted)).
Substantial evidence supports the IJ’s and BIA’s denial of asylum. Nababan did not allege that he suffered past persecution in Indonesia. Nababan failed to establish a well-founded fear of future persecution because even if he were a member of a disfavored group, he did not demonstrate the requisite individualized risk of persecution. See Lolong v. Gonzales, 484 F.3d 1173, 1179-81 (9th Cir.2007) (en banc). In addition, Nababan has similarly-situated family members who remain in Indonesia unharmed. See Hakeem v. INS, 273 F.3d 812, 816-17 (9th Cir.2001) (“An applicant’s claim of persecution upon re *125 turn is weakened, even undercut, when similarly-situated family members continue to live in the country without incident....”). Lastly, the record does not compel the conclusion that Nababan demonstrated a pattern or practice of persecution against ethnic Bataks, Christians, or Westernized individuals in Indonesia. See Wakkary v. Holder, 558 F.3d 1049, 1060-62 (9th Cir.2009); see also Lolong, 484 F.3d at 1180-81.
Because Nababan did not establish asylum eligibility, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal. See Ze-hatye v. Gonzales, 453 F.3d 1182,1190 (9th Cir.2006). Substantial evidence also supports the denial of CAT relief because Nababan did not demonstrate that it is more likely than not that he would be tortured if returned to Indonesia. See Wakkary, 558 F.3d at 1067-68.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.